United States District Court
Southern District of Texas
**ENTERED**
November 02, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE BROUSSARD, TDCJ #367732, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3175 |
| A. RIVERS, Head Mail Clerk, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lee Broussard (TDCJ #367732) is an inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Broussard has filed a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), alleging violations of his civil rights (Docket Entry No. 1). He has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the court concludes that this case must be dismissed for reasons explained briefly below.

### I. Discussion

Broussard is presently confined by TDCJ at the Holliday Unit in Huntsville, Texas.[1] Broussard sues A. Rivers, who is employed by TDCJ as the Head Mail Clerk at the Holliday Unit.[2] Broussard

---

[1] Complaint, Docket Entry No. 1, p. 3.

[2] Id.

seeks compensatory and punitive damages because mailroom personnel allegedly opened a piece of his legal mail without his being present.[3]

A national case index reflects that at least three prisoner civil actions or appeals filed by Broussard have been dismissed by federal courts as frivolous or for failure to state a claim upon which relief may be granted. See Broussard v. Burkett, Civil No. 6:96-261 (W.D. Tex. Dec. 10, 1996); Broussard v. Evans, Civil No. 6:95-399 (W.D. Tex. July 15, 1996); Broussard v. Evans, Appeal No. 96-50603 (5th Cir. Dec. 30, 1996). Broussard thus has at least three "strikes" against him for filing meritless actions and appeals prior to filing the present action.

Under the "three-strikes" rule found in 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). To fit within the exception a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

---

[3] Id. at 4.

The allegations made by Broussard do not show that he is under imminent danger of serious physical injury for purposes of § 1915(g). Because he does not come within the exception to the three-strikes rule, Broussard is not eligible to proceed without prepayment of the filing fee, and this case will be dismissed for that reason.

## II.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

2. Plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff may refile his Complaint if he pays the filing fee ($400.00) within thirty days of the date of this Memorandum Opinion and Order.

**The Clerk will provide copies of this Memorandum Opinion and Order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Capitol Station, Austin, TX 78711, Fax 512-936-2159; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention:  Manager of the Three-Strikes List.**

**SIGNED** at Houston, Texas, on this 2nd day of November, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE